The opinion of the court was delivered by
McEnery, J.
The plaintiff company enjoined the seizure of it» ice factory, situated in the City of New Orleans, by the State Tax Collector for taxes due in the year 1888, on the ground that the amendment to Art. 207 of the Constitution exempted said property-from taxation and was in force when the tax was levied.
There was judgment for the plaintiff and the defendant Tax Collector has appealed.
The property under seizure was assessed for taxation in the year 1888 under the provisions of Act 98 of 1886 and the assessment rolls were completed on the 31st of March, 1888, and were filed with the Tax Collector on August 26 following. The tax rolls should have been filed with the proper official of the City of New Orleans by the first day of May and with the Auditor of the State by the first day of July. Sec. 3 of Act 98 of 1888.
Act 109 of the Acts of 1882 compels the City of New Orleans to levy a tax for each year between the 1st day of May and the 30th day of June.
*671 The question at issue is, was the property of the plaintiff company liable to taxation before the adoption of the constitutional amendment exempting it from taxation.
The property could have been assessed only under Act 98 of 1886, as it was the revenue law in force when the assessment was made. This act required the assessment to be completed by the 81st of March of each year, and directs copies of the rolls for the City of New Orleans to be delivered to the City of New Orleans by the 1st of May, and to the Auditor of the State by the 1st day of July, so that the City of New Orleans can proceed to collect the municipal taxes in pursuance of the directions contained in Act 109 of 1882. For the parishes, other than Orleans, the rolls, by Act 98, are directed to be returned to the recorder of mortgages, sheriffs and the auditor as soon as practicable, but before the first day of September of each year.
The law does not declare at what precise time the tax is due, but makes it collectible from the date of the filing of the rolls. The date of the collection depends upon the energy and ability of the assessors to furnish copies of the rolls, and.this dates from any day between the closing and completion of the assessment to the last day provided for the filing of the same.
The tax is due, that is, the property assessed owes the tax, from the completion of the assessment on the 31st of March of each year as provided for by the Act 98 of 1886.
The last day for the filing of the rolls with the City of New Orleans and the Auditor of Public Accounts was fixed respectively the first day of May and the first day of July. The rolls ought to have been filed, in accordance with the provisions of the act, “ as soon as practicable,” and the delay of the assessors in performing their duty can not have the effect of relieving the property from the burden of taxation which the law had imposed;
When the rolls of the City of New Orleans aré filed with the Auditor, this, of course, authorizes the State Tax Collector to proceed to the collection of the State taxes as they are charged to him in the auditor’s office. Had the rolls been filed in accordance with law he would have been authorized to collect the tax after the first day of July.
He could have collected the tax had they been filed on any day be - fore this date after the completion of the rolls on the 31st of March. *672 The tax is apportioned and extended on the rolls by the assessors, and the rolls, when completed and delivered, is the authority for the State Tax Collector to collect the tax.
As he could have done that at any time after the Slst of March, had the assessors filed the rolls with the Auditor, it is evident that the property was liable for the tax after the rolls had been completed, although the collection was postponed until they were filed with the Auditor and charged to the collector.
The promulgation of the adoption of the amendment was issued on the 12th of May, 1888, after the property had become liable to taxation by its assessment and the completion of the assessment rolls. The delay in delivering and filing the assessment rolls can not defeat the tax or change the status of the property as it was fixed on the rolls at the completion of the assessment.
The amendment to Article 207 of the Constitution did not operate retroactively and exempt the property for the tax which rested on it prior to its adoption. Stern’s Fertilizer Co., vs. City of New Orleans, 40 An. 697.
It is therefore ordered, adjudged and decreed that the judgment appealed be overruled and annulled and it is now ordered and decreed that there be judgment in favor of defendant dismissing plaintiff’s demand and dissolving the injunctions issued herein, with costs and 10 per cent, special damages as attorney’s fees.